IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.: 4:09cr15/RH
           4:12cv15/RH/EMT

JOHN WILSON SMITH, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, including a memorandum in support (doc. 49). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to possession of a firearm as a convicted felon (Count One) and knowingly possessing a stolen firearm (Count Two) (*see* docs. 21, 22, 35). At sentencing, Defendant indicated that he had read and discussed the pre-sentence investigation report ("PSR") and addendum with his attorney (doc. 36 at 2). The court reiterated that Defendant's total offense level, according to the report, was 31 and his criminal history category was VI, thus yielding a guidelines range of 188 to 235 months (*id.*). There was also a minimum mandatory 15 year sentence on the gun charge (*id.* at 3). After discussing the factors that went into its sentencing decision, the court sentenced Defendant to a term of 210 months imprisonment on Count One, with a concurrent 120 month sentence on Count Two (*id.* at 11, doc. 27).

Defendant appealed, but counsel filed an Anders brief and was granted leave to withdraw (doc. 42 at 4). The Eleventh Circuit's independent examination of the entire record revealed "no issues of arguable merit," and it affirmed Defendant's convictions and sentences on March 23, 2010 (*id.*). Defendant states in his motion to vacate that he filed neither a petition for rehearing nor a petition for certiorari review (doc. 49 at 2). The instant motion was filed pursuant to the prison mailbox rule[1] on January 3, 2012 (*id.* at 7). Defendant raises two grounds for relief in this motion, first claiming that he was denied access to law books and legal assistance while he was housed at the Leon County Jail (*id.* at 3). Next he asserts that he was designated an armed career criminal based on charges that had been dismissed (*id.*).[2]

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). In a case where a direct appeal was filed, the judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari,

---

[1] Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir.2009) (under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing)

[2] The factual basis for this assertion, if any, is unclear, as the sentencing transcript reflects that Defendant's sentence was based on his extensive criminal history, but it does not reflect that he received an armed career criminal designation (doc. 36 at 10).

Case Nos.: 4:09cr15/RH; 4:12cv15/RH/EMT

the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires, i.e., ninety days after the court of appeals judgment becomes final. Clay v. United States, 527 U.S. 522 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Defendant's motion is facially untimely.

Defendant's motion is inartfully presented, but pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Thus, in an abundance of caution the undersigned has considered Defendant's first "ground for relief" as possibly offering an explanation for the untimeliness of his motion, rather than truly presenting a claim for relief. Liberally construed, Defendant may be arguing that because he was held in Leon County Jail with no access to law books, he was unable to timely file the instant motion and the doctrine of equitable tolling should apply.[3]

Although § 2255's limitation period may be equitably tolled, tolling is appropriate only when a movant untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039–40 (11th Cir. 2002); Drew, 297 F.3d at 1286). The onus is on the defendant to show that he is entitled to this extraordinary relief. Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)). The information in Defendant's motion does not support a conclusion that equitable tolling is warranted. Therefore his motion is untimely and should be summarily dismissed.

---

[3]Defendant's motion indicates that after he completes the term of incarceration at issue in this case, he has a life sentence to serve based on a November 1, 2011 conviction in state court (doc. 49 at 5). Based on the timing of the state vis a vis the federal conviction, it would not be unreasonable to assume that Defendant has been in state custody (i.e., the Leon County Jail) for some time prior to his November 2011 conviction (*see* doc. 6).

Case Nos.: 4:09cr15/RH; 4:12cv15/RH/EMT

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 49) be summarily **DISMISSED** as untimely.

At Pensacola, Florida, this 11<u>th</u> day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 4:09cr15/RH; 4:12cv15/RH/EMT